250    Appellate Courts of Illinois.

Ellen Reagan, Appellant, v. Elizabeth Hooley (now Elizabeth Morris) et al., Appellees.

Gen. No. 17,757. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Charles M. Walker, Judge, presiding. Heard in this court at the March term, 1911. Modified and affirmed. Opinion filed October 13, 1913.

## Statement of the Case.

Bill by Ellen Reagan against Elizabeth Hooley (now Elizabeth Morris) and others to declare a deed absolute in form a mortgage. From a decree dismissing the bill for want of equity, complainant appeals.

John M. Duffy, for appellant.

Rogers & Mahoney, for appellees.

Mr. Justice Brown delivered the opinion of the court.

## Abstract of the Decision.

1. Mortgages, § 29*—*form of bill to declare deed a mortgage.* Bill to declare an absolute conveyance a mortgage, *held* to be inaptly in the form of a bill for foreclosure.

2. Mortgages, § 32*—*sufficiency of proof to declare deed a mortgage.* Before a deed absolute in form can be declared to be a mortgage, the proof showing that fact must be clear, satisfactory and convincing.

3. Mortgages, § 32*—*sufficiency of evidence.* On bill to declare a deed absolute in form a mortgage, testimony concerning declarations of defendant subsequent to the conveyance should be treated with great caution.

4. Mortgages, § 34*—*when findings in decree improper.* Where an order of court dismisses a bill to declare an absolute deed a mortgage, a further order in the absence of cross-bill finding defendant the absolute owner of the premises is improper.

5. Equity, § 358*—*proper orders when bill dismissed for want of equity.* When no cross-bill filed, an order dismissing a bill for

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

want of equity leaves the court without jurisdiction to make any order on the subject-matter outside of the ordinary orders concerning costs.

---

## William E. Clow et al., Appellants, v. Western Life Indemnity Company, Appellee.

### Gen. No. 17,821.

1. INSURANCE, § 808*—*when member unlawfully suspended deemed to have abandoned the policy.* A member wrongfully suspended, who, after a compromise agreement for a settlement of the dispute has been reached, abandons the negotiations with the company, *held* to have abandoned his policy and acquiesced in its cancellation.

2. INSURANCE, § 808*—*when member unlawfully suspended does not lose rights for failure to pay dues.* A member unlawfully suspended is excused from making a tender of subsequent dues so long as the insurer refuses to reinstate him and insists that his rights have been forfeited.

3. INSURANCE, § 887*—*when correspondence after death of member, inadmissible.* Correspondence between solicitors for beneficiaries and the company after the death of the member, *held* not admissible to rebut defense that member was suspended.

Appeal from the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

PAUL BROWN, for appellant.

THOMAS J. GRAYDON and ASHCRAFT & ASHCRAFT, for appellee; EDWIN M. ASHCRAFT, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of *nil capiat* and for costs against the plaintiffs. The judgment was rendered on a verdict in favor of the defendant directed by the court. The plaintiffs were the children (together with the executrix of a deceased child) of

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.